MR. CHIEF JUSTICE GARY. I concur in dismissing the petition on the ground that no material question of law or of fact was either overlooked or disregarded.

---

9990

*GRAY v. SEABOARD AIR LINE RAILWAY CO.

(102 S. E. 512.)

1. CARRIERS—ACCEPTOR OF GOODS WITH KNOWLEDGE OF WASHOUTS MUST NOTIFY SHIPPER OR STIPULATE AGAINST CONSEQUENCES.—If a carrier accepts goods for shipment with full knowledge of floods and washouts on its line and the lines of connecting carriers, it should notify the shipper of the same, or stipulate against the consequences, and if it fails to do so it should not be heard to offer as an excuse that delay in shipment was caused by an act of God.

2. CARRIERS—IN ACTION FOR DELAY IN SHIPPING PERISHABLES CARRIER HAS BURDEN TO SHOW EXTENT OF DAMAGES WHEN SHIPPER SHOWED ERRONEOUS MEASURE UNDER CONTRACT.—In an action against a carrier for damages to shipment of melons, where defendant invoked as a defense a stipulation in the contract fixing the market value of the melons at the "place and time of shipment," the burden was upon the defendant, the plaintiff having established a market price or value which was not in accordance therewith, to show the correct one, if prejudiced by the estimate of the plaintiff.

Action by J. J. Gray against the Seaboard Air Line Railway Company. Judgment for plaintiff, and defendant appeals.

The judgment of the Circuit Court, referred to in the opinion, was as follows:

The contention of the defendant is, however, with regard to these shipments made between July 16, 1916, and July 28, 1916, that any delay that may have resulted in these shipments was due to an act of God, namely, floods and washouts on its line and that of its connecting carriers which rendered such delay unavoidable.

---

NOTE.—This case was taken on writ of *cetrtiorari* to the United States Supreme Court. Before a decision was rendered by the U. S. Supreme Court, the parties agreed on a settlement, and the case was dismissed on 26th January, 1920. See U. S. Supreme Court Reporter, vol. XL, No. 10, p. 218.—REPORTER.

According to the testimony, the conditions relied upon to constitute this defense existed "during the month of July," and must, then, have been within the knowledge of the defendant. And if the carrier accepts goods for shipment with full knowledge of conditions which will probably result in delay, he should notify the shipper of the same or stipulate against the consequences, and, if he fail to do so, he should not be heard to offer as an excuse this very condition.

Applying the well-recognized principle of law relating to the defense of an act of God, the record fully sustains the conclusion of the magistrate.

The defendant also contends that the plaintiff has failed to establish any damages under the stipulations of the contract of shipment, in that he failed to show the market value of the melons at the "place and time of shipment."

It will be observed that the defendant invoked this stipulation of the contract as one of the "defenses" set up in the answer, and if the plaintiff established a market price or value which was not in accordance therewith, it was incumbent upon the defendant to show the correct one, upon well-recognized principles of judicial procedure, if it were prejudiced by the estimate of the plaintiff. Certainly the plaintiff should not fail altogether, because his testimony shows the wrong amount of damages. If he shows too little, then the defendant should not complain, and if he shows too much, then the defendant has, in its pleadings, assumed the burden of showing the correct amount.

Without attempting to discuss the particular exceptions further, the Court is satisfied, after a careful consideration of the entire record, and in exercise of the power given by section 407 of the Code of Civil Procedure, that all of the said exceptions should be overruled.

*Messrs. J. W. Manuel* and *Lyles & Lyles,* for appellant, submit: *That in the absence of any evidence as to the value*

*or invoice price at the place and time of shipment, plaintiff could not recover judgment because of the provision in section 3 of the bill of lading, reading:* "*The amount of any loss or damage for which any carrier is liable shall be computed on the basis of the value of the property (being the bona fide invoice price, if any, to the consignee, including freight charges, if paid, at the place and time of shipment under this bill of lading * * * .*" 243 U. S. 584; 61 L. Ed. —; 244 U. S. 31; 61 L. Ed. —. *It is elementary that in an action on contract the "burden is on plaintiff to establish the elements measuring the amount of his recovery * * * ."* 13 C. J. 764; 13 Cyc. 214.

*Mr. W. D. Connor,* for respondent, submits: *That if unusual conditions exist that will probably cause delay in a shipment, and the carrier accepts such shipment without notice to the shipper of such conditions or without stipulating against the consequences, he is bound to transport the goods within a reasonable time, notwithstanding the emergency or bad conditions, especially so when the conditions are existent and known to the carrier at the time the property was received for shipment:* 129 S. W. 266; 83 Atl. 1016. *If there is evidence to support a finding in the magistrate's Court, concurred in by the Circuit Court, such finding will not be disturbed on appeal:* 95 S. C. 437; 78 S. C. 35; 91 S. C. 5; 91 S. C. 571. *Defendant having specially pleaded the terms of the bill of lading as to measure of damages, presumably in reduction of plaintiff's alleged damages, it was incumbent upon him to prove a less value, if he could, if he were by the value proved by plaintiff:* 13 Cyc. 192. *The point that there is no evidence to support an alleged cause of action shall be first made either by motion for nonsuit or a motion to direct a verdict:* Rule 77 of the Circuit Court.

June 24, 1918.

The opinion of the Court was delivered by MR. CHIEF JUSTICE GARY.

For the reasons therein assigned, the judgment of the Circuit Court is affirmed.

---

### 10345

#### ALLEN v. ORR.
#### (101 S. E. 817.)

1. LANDLORD AND TENANT—LANDLORD MAY RECOVER ONLY AMOUNT EXPENDED IN CULTIVATING CROPS.—In action for accounting and settlement brought by laborer against a landlord, an instruction that the landlord should be credited only with the amount he had expended in helping to plant, cultivate, and gather the crops on land which was to have been cultivated by plaintiff and another, *held* proper.

2. CONTRACTS—EFFECT OF WRITTEN CONTRACTS WITH DISPUTED TERMS FOR JURY.—Where a written contract was not produced at the trial and the evidence conflicted as to its terms, the effect of the contract presented a jury question.

Before SHIPP, J., Anderson, Spring term, 1919. Affirmed.

Action by C. H. Allen against J. L. Orr. Judgment for plaintiff, and defendant appeals.

*Messrs. Bonham & Allen,* for appellant, submit: *It was the duty and province of the Circuit Judge to construe the written contract:* 81 S. C. 226; 66 S. C. 22.

*Mr. A. H. Dagnall,* for respondent (no citations).

January 26, 1920.

The opinion of the Court was delivered by MR. JUSTICE WATTS.

This action is for accounting and settlement between landlord and laborer brought by laborer, and was heard at March